T.C. Memo. 1996-158


UNITED STATES TAX COURT



IMELDA M. HANSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 2147-94.                    Filed March 27, 1996.



Imelda M. Hansen, pro se.


<u>Linas N. Udrys</u>, for respondent.



MEMORANDUM OPINION



DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Larry L. Nameroff pursuant to section 7443A(b).[1]  The Court

_____

[1]    All section references are to the Internal Revenue Code
in effect for the year at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge:  This case is before the Court on respondent's motion for entry of decision filed May 1, 1995.  In the notice of deficiency dated November 5, 1993, respondent determined that petitioner was liable for a deficiency in Federal income tax for the taxable year 1988 in the amount of $3,197, and an addition to tax under section 6651(a)(1) in the amount of $100.  The deficiency is based upon the determination that petitioner had not filed a 1988 Federal income tax return, had wages of $22,790, and was entitled to one exemption and the standard deduction; the deficiency was computed on the basis of the filing status of married filing separate.  When this case was called from the calendar of the Court's trial session at Los Angeles, California on January 30, 1995, counsel for respondent appeared and indicated the parties had reached a basis of settlement, resulting in a substantial overpayment for which additional time was requested for the computation thereof; subsequently, the amount of the overpayment became an issue.  Thus, we must decide the correct amount of overpayment due to petitioner.  In her motion for entry of decision, respondent asked the Court to find an overpayment of $11,343.35.  Petitioner contends that the correct overpayment is $24,155.89.

For every year from 1979 through 1987, petitioner and her husband, John E. Hansen, filed a joint Federal income tax return on which the Hansens reported a large overpayment, which they elected to be applied to the following year's tax liability. An examination of the Hansens' 1981 tax return resulted in a deficiency which was paid in 1986 out of the amount then standing to the credit of the Hansens in their 1986 income tax account. Moreover, the Hansens' returns for 1984, 1985, and 1986 were examined by respondent's agents, resulting in the assessment of substantial deficiencies and additions to tax in 1988, which in turn were paid in part as a result of collection activities by respondent.

Whether or not as a result of this history, when the Hansens filed a 1988 Federal income tax return on August 16, 1989, the words "under penalties of perjury" (the jurat) were crossed out.[2] Similarly, on a subsequent date, the Hansens filed a 1989 joint income tax return on which the jurat was deleted. As a result of these two filings, respondent determined that no valid return was filed for 1988 or 1989, and assessed a frivolous return penalty of $500 under section 6702 for each of those filings.

---

[2] For convenience, we will refer to this document as the 1988 return, even though we do not intend to validate it as a return, in view of the deletion of the jurat. The 1988 return reflected a tax liability of $3,494.05, and an overpayment of $22,945.28, of which $10,000 was requested to be refunded and the balance to be applied to the 1989 estimated tax.

The Hansens' 1987 Federal income tax return had reflected an overpayment which they had elected to have applied to their 1988 tax liability.  Accordingly, there was a credit balance in the Hansens' 1988 income tax account, and respondent caused the frivolous return penalties to be paid by transferring $1,000 out of that account.

Meanwhile, the Hansens had sent in postal money orders for $1,000 in payment of the frivolous return penalties.  The record contains copies of transcripts of the Hansens' accounts from 1979 through 1990, and the receipt of the money orders did not appear on any of those transcripts.  Accordingly, as the Court requested, counsel for respondent caused a search to be made of the respondent's records to determine if the postal money orders had been received and, if so, what had happened to them.  In a status report filed with the Court, respondent advised that the money orders had been received, but nothing had been done with them.  As a result of the discovery, respondent had the Post Office issue new postal money orders to replace the now outdated ones, and deposited the proceeds.  Consequently, $1,000 was restored to the Hansens' 1988 income tax account.

The basis of settlement reached by the parties was that the information contained on the 1988 return would be accepted.[3]

---

[3]    The parties' settlement includes the recognition that there is no addition to tax due from petitioner for the taxable year 1988 under the provisions of sec. 6651(a)(1).

Thus, the parties agreed that the tax liability of Mr. and Mrs. Hansen was $3,494.05. Of that amount, $2,356.05 had been assessed against Mr. Hansen after he failed to file a petition with this Court for review of a notice of deficiency issued to him with respect to his income tax for 1988. Petitioner had a withholding credit for 1988 in the amount of $2,960.90, and Mr. Hansen remitted $1,270.70 in partial payment of the 1988 deficiency assessed against him.

Respondent computes petitioner's available overpayment credit as follows:

| | |
|---|---|
| Overpayment credited from 1987 to 1988 | $12,886.50 |
| Less frivolous return penalties paid | 1,000.00 |
| | 11,886.50 |
| Add one-half of 1988 withholding | 1,481.00 |
| | 13,367.50 |
| Less Mr. Hansen's deficiency | 2,346.05 |
| | 11,021.45 |

This computation is erroneous in that it ignores a $10 collection cost. Furthermore, petitioner should be given credit for the $1,000 restored to the account. Thus respondent's corrected computation results in an available overpayment credit of $12,011.45. To this amount we add the balance of the 1988 withholding credits and subtract the deficiency to be assessed ($1,138), resulting in an overpayment of $12,353.35.

Petitioner contends that there are several discrepancies in respondent's computation. Petitioner contends that the overpayment credit from 1987 to 1988 should be $19,136.08 instead

of $12,886.50, a difference of $6,249.58. Of this difference, $622.94 is easily explained.  The record contains copies of the Hansens' returns from 1979 through 1988 as well as transcripts of account for each of those years.  The difference of $622.94 has its genesis in the claimed overpayment from 1979 to 1980, which petitioner contends is $11,497.18, while the transcript of account shows the credit applied from a prior period to 1980 as $10,874.24.  This discrepancy continues to appear in the computation of estimated tax carryover for each taxable year through 1988.

Section 6214(b) provides:

> The Tax Court in redetermining a deficiency in income tax for any taxable year * * * shall consider such facts with relation to the taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid.

Petitioner's dispute with respondent over the amount of overpayment credit from 1987 to 1988 is a continuation of a dispute beginning in 1979.  The fact remains that respondent's records reflect an overpayment credit from 1987 to 1988 in the amount of $ 12,886.50, and petitioner has not shown that amount to be any larger.  Accordingly, we reject petitioner's contention in this regard.

The balance of the discrepancy stems from various calculations arising out of the deficiency in the Hansens' income

tax for 1986 and its effect on the transcript for 1986. There is no merit to petitioner's contentions, as the deficiency for 1986 was an amount over and above the tax shown on the return and properly accounted for on respondent's transcripts of account.

Petitioners next dispute with respondent over the correct amount of overpayment for 1988 is in regard to the frivolous return penalties assessed and paid out of the 1988 account. Petitioner contends that in 1991 the Hansens ostensibly resubmitted their 1988 and 1989 returns by filing with respondent a statement purging the jurat deletions and affirming that the said returns were true and correct under penalties of perjury. Therefore, petitioner seeks a refund of the $1,000.

First of all, section 6402 gives respondent the authority to credit the amount of an overpayment, including any interest allowed thereon, against any liability with respect to Internal Revenue tax on the part of the person who made the overpayment. Accordingly, the $1,000 payment of the frivolous return penalties from the 1988 account was authorized. Moreover, the $1,000 has been restored to that account.

Secondly, we only have jurisdiction in this case to decide petitioner's income tax liability for 1988. The frivolous return penalty is not an income tax, notwithstanding that it resulted from the filing of purported income tax returns. Section 6703(c)(2) provides that a taxpayer, after following certain

procedures, may bring a proceeding in the appropriate U.S. District Court for the determination of his liability for such penalty.  Section 6703(b) specifies that the deficiency procedures do not apply to the assessment or collection of such penalty.  Thus the U.S. District Court, and not the Tax Court, has exclusive jurisdiction to consider the merits of a frivolous return penalty.  We reject petitioner's contention that we should consider the merits of the frivolous return penalties imposed.

Petitioner also contends that this Court should make a determination for the amount of interest due on the overpayment. Petitioner's contention is premature.  Section 6512(b) gives this Court jurisdiction to enforce the refund of an overpayment, with interest, upon a motion by the taxpayer if, after 120 days after the decision of the Court has become final, the Secretary has failed to refund the overpayment determined by the Court together with interest thereon.  See also Rule 260.  Thus, petitioner must wait to receive the refund and then and only then if there is a dispute, make a timely petition to the Court to review the amount of the refund, including the calculation of interest.

The parties herein agree that the purported 1988 tax return filed with respondent on August 16, 1989, constitutes a claim for refund for $22,945.28, which had not been disallowed on or before the date of the mailing of the notice of deficiency. Accordingly, we have jurisdiction to find, and do find, that

there is an overpayment in the amount of $12,343.35, which was paid or deemed paid as of April 15, 1989.  Accordingly, we conclude that there is a deficiency to be assessed in petitioner's 1988 Federal income tax in the amount of $1,138, which has been paid, and that there is an overpayment due to petitioner in the amount of $12,343.35, for which a claim for refund had been filed on August 16, 1989, which claim had not been disallowed as of November 5, 1993, the date of the mailing of the notice of deficiency.

To reflect the above,

Respondent's Motion for Entry of Decision, as modified herein, will be granted, and an appropriate decision will be entered.